Next case on this morning's docket is the case of Bradley Lavite, Superintendent of Veterans Assistance Commission of Madison County v. Allen Dunston, et al. And we have Thomas and Karen Burkart for the appellant. And we have Mr. John Gilbert for the appellee. And Heidi Eckert, who I understand is not arguing. And Mr. Gilbert is taking the entirety of the appellee's time. Burkart, who will be arguing. Mr. Burkart, you may proceed. Good morning, Your Honors. Good morning. Good morning, Burkart. I represent Bradley. He's the superintendent of the Veterans Assistance Commission of Madison County, which has been in existence since 1936. And I wish to start my argument with a grammatization, and I say that so it shouldn't be used against me, to emphasize a point of law that applies to this case. When I was driving down here from Edwardsville or Hamilton, wherever my office is, to prepare for oral arguments, I was trying to find my case. I couldn't. And I stand before you now without a case. But I have a good reason, like the boy who doesn't have his homework. It's not my fault. It's not my fault because I wasn't allowed to present my case. And that's the reason we have the rule of law that says dismissal is the last resort. You only dismiss a complaint when there's no possible set of facts that can be presented on the plaintiff's behalf. The action of the trial court in this case was way premature. That's the end of the grammatization. I really do have a case. And it really boils down to one page out of my brief. It's Exhibit B to the complaint. And I'll post a report. It can be found in the appendix. It's a letter, a very brief letter, easy to read, from Dr. Jane White. I'm going to read it. It says, I'm writing this letter on behalf of Mr. Levine, who was seen today in our clinic. He has been seen in the OEF slash OIF PTSD clinical team at St. Louis VA Medical Center since 2004. PTSD stands for post-traumatic stress disorder. 2004 was when Mr. Levine was released from active duty, from his two tours of duty in Iraqi Freedom I and Iraqi Freedom II. In his service, he received several commendations, but he also subjected to a couple of IED incidences. He got blowed up. And as a result, he suffers from post-traumatic stress disorder. Reading on, Dr. Voigtman, a psychiatrist, states he was hospitalized at this VAMC and has been absent from work since 3-12-15. He will be able to return to work on site 3-23-15 with no limitations, and he will continue to follow up with our clinic. That's it. He has the right to return to work. Period. Mr. Burkhart. Yes, ma'am. I apologize. I think the justices here understand the facts, so let me jump to a question or two. Sure. This case was dismissed based on a motion pursuant to 2-615 and 2-619. And, of course, I think those of you who at least have appeared before me, one of my pet peeves is we never know which statute was used to dismiss the case, whether it was a 619 or a 615. But regardless, the only thing that was attached that seems of issue here to me is that there was a letter written that says, you're out. There's no explanation. There's no mention of safety. There's no mention of anything. So how is it that all of this evidence is coming before the court about his PTSD? I don't understand that because this is a judgment on the pleadings. So explain to me how that letter is even relevant when the person who kicked him out makes no mention, unless I'm wrong. There's no mention in that letter as to why. There's no mention that says safety, health, is there? I believe it came up in the pleadings. I do. But that's basically the gist of what was argued at the trial level and in the appellate briefs. They're arguing that Joseph Brinning has an absolute discretion to make a decision, and then they go with regard to safety. The discretion and all the facts and all of this other stuff is evidence. It is evidence. And under this motion to dismiss, it should be apparent from the face of the pleadings as to why there's a dismissal. So I'm confused on how all this evidence arises. Maybe the other justices can help me. But I'm confused as to when you file such a motion, maybe the other side can respond to this, how we get so far into the evidence and the argument on the evidence. I think I agree with you in that the case should not have been dismissed because we had gotten into the evidence. There was no affidavit submitted on behalf of the defendants in support of their motion to dismiss. And there really wasn't a grounds for dismissal. It wasn't the fact that the complaint speaks for itself. I mean, all the facts in the complaint must be assumed as true. So those are basically what set up your facts. And if this court, I'll quit arguing. If this court is convinced at this point in time, you know what? No, no. That's one justice. You should make that assumption even as to me. I'm asking the question. But that, I understand the where. It's like why are we getting into this? Because it really wasn't a 2-619 motion because there was no facts presented on behalf of the defendants in support of their motion. Well, my question was really instigated by what you did in front of us with the letter. Well, the reason for the letter or the reason for me to report to it is to show the pretext of their stated reason. Yes, I agree with you 100%. At this stage in the proceeding, we shouldn't be getting into this. In fact, I'm lucky to even have a record that I can cite to. I really don't have much of one based upon what I've found out since. But I agree wholeheartedly with the proposition that this case should not have been dismissed. It should have been developed. There should have been discovery. We should have gotten into what the issues were. And if they're going to make a stated reason for banning somebody from a public place, then they have to make their case. And I should be able to pry into it and determine whether or not that stated reason is a reasonable exercise of discretion. That gets into some of the other arguments in the case. Okay. So the stated basis for dismissal, at least counts one and three, are that failed to name a necessary party plaintiff. Right. And plaintiff, your client, has no standing to seek a writ of mandatus, which I guess is maybe another way of saying the same thing. And then it says dismissed with prejudice. How did we get to dismissing it with prejudice on the first motion? And was that the request that was made? I mean, without leave to amend. I mean, did you request leave to amend? I mean, what happened at the hearing? Well, I didn't get a chance because it was dismissed with prejudice, so there was no really – It was taken under advisement when you just got the order. Okay. So I really didn't get a chance to make – and I did not think it would go that far. I will say in response to that line of questioning that yes, and I think I've argued in the brief and touched on it enough, we should have been given – if we needed to join an additional party, the remedy was not to dismiss with prejudice, but rather to give us leave to add that party. That's where justice could have been served. But I point to Section 2. Let me make sure I got it right. For the authority of the superintendent and the superintendent alone, expressly states in there that the superintendent has standing to file a mandamus action. So I didn't understand the court's ruling. I think it's just out and out wrong, and it is not consistent with the statutory mandate that expressly says it is the superintendent of the VAC may file a mandamus action. So getting into that, I think answers that question. The – let me get back to my – What about the issue of attorney fees? I know we probably got you – I probably got you way off base, but what about the issue of attorney fees? Where do you find a basis for that? In the case law, the Will County case. In the Will County case, basically – here's the deal. And this was part of the complaint, too. It was attached as an exhibit. Madison County passes a budget on an annual basis. Based upon that budget, they issue a tax levy in December. Based upon that tax levy, they receive money. As part of the budget, they approve the VAC's budget. What the Will County case says is that once they approve that budget, the matter is resolved. That's it. That is VAC money in that budget. And the reason for attaching the actual budget that was passed in 2015 – maybe it was 2014, whatever – the applicable budget was to show there's still plenty enough money left in the fund to pay the attorney's fees. So I'm not asking – and they got this wrong in their facts – I'm not asking for the county to spend county money. I'm asking the county to pay, with VAC money, the expenses of the VAC. And the VAC board, or whatever it is, authorized that payment. That's in the complaint. And what you're saying is once they authorize that payment, it's a ministerial act. The board doesn't have any further discretion to reject it. The county board should not have any discretion. The money's there. It's a line item. The VAC board decides how it's used. Right. And that's some of the other – That kind of a ministerial act is generally the proper subject of a mandamus action, right? I would agree with that. Yes. And that's why we have count-free. Let me approach this from a different point of view because I did have this in my notes. I want to run this and try this – firm this up a flagpole and try this. And the reason I'm doing this is to try and emphasize the urgency and immediacy with which I hope this court acts in this case. When any three of the justices here came to court this morning, did any of you think you were vested with some sort of power or authority to ban me from coming into your courthouse? This is a public place. It's paid for with public money. Did any of you say, you know what, I'm sick and tired of Burkhart's theatrics. He's a pain in my behind. I don't want him in my courthouse. Deputy, make sure he doesn't come in. Did you think you had that power? Be careful, Mr. Burkhart. We probably do. I might be on the safe side. We probably do. And, in fact, there are some crazy people out there who do get banned from the courthouse. So, you know, you might not want to use that comparison. Well, hopefully I'm not on that list. But in any event, the point to be made here is, in their brief, they make a statement. And I've blinded out. And it really, really bothered me. They make the assertion that it is irrelevant whether County Administrator Perenti had a legitimate reason to issue the discretionary standing order because mandamus will not lie to correct that discretion, even if the judgment or discretion has been erroneously exercised. You know, I think that's taken so far out of context with the Crump case that it shouldn't have even been cited. But, number one, that chutzpah, that arrogance, saying I don't need a reason. I'm the County Administrator. If I say you don't get to come on County property, you don't get to come on County property. That is wrong. That's just wrong. So I think there is an urgency to correct this as soon as possible. So that's still today? He's still banned? He's still banned, yes. And that's from all County property? That's what I was told by the Sheriff's Department, yes. What is his employment status? He's still employed because the DAC has authorized him to work basically from home so that he doesn't have to be on City-County property. I'll give you an example of how he's worked. First of all, he worked with Congressman Davis to pass the Hire More Heroes Act, which was signed by President Obama during 2015. So he's continuing to work. The County's continuing to pay his salary. And so they say that Count 2 is moot. Well, it's not moot because there's a threat that's still out there. They did make the threat. It is, the documentation was there. And the allegation and the complaint is there that they made a threat that he needed to start taking disability, which would have ended his salary. I'm glad you touched on that just a moment. So has there been any court proceeding that has ordered them to pay his salary? Or is this just kind of just a voluntary thing that's going on? At the oral arguments, the County made the position saying, no, we will concede that. In fact, I asked for it. I said before, Judge, you rule that this is moot. I think there should be a judicial admission where the County agrees to continue to pay the salary. And they did. And that's where it ended. But the court hasn't made any. They haven't made a factual decision on what's going on. Okay, so I guess. So what you want us to do is either just reverse this outright and say it should have been dismissed and send it back, or at least reverse it and say give him an opportunity to amend. I don't think I need to amend. I would need to amend if I needed to join a necessary party. That could be my fallback position. Sure, I'll take either one. Just get me back to the trial court so I can present evidence. And the only way I can really argue this might go to Justice Cates' questioning and stuff like that. The only argument I have to offer in this case is basically to use a hypothetical because I can't cite you to any place in the record where this stuff shows up because I discovered it all after the fact. I mean, I was booted out before I could make a record. But using a hypothetical, could I have proven that their stated reason of safety is completely pretextual? Could I have, you know, the safety of the county is what they're emphasizing as a reason for their discretionary action. Could I have proven that the real reason that they wanted Brad Leviti gone from the position of superintendent of the VAC was because he didn't want to go along with maybe using VAC money to pay for a county probation personnel who was going to be terminated due to budget cuts. Maybe he didn't want to, maybe Brad didn't want to go along with using the alternative treatment court foundation funds, a non-profit foundation. He didn't want to go along with using those funds that were solicited with the promise of direct aid to veterans and using those funds to pay for court and probation personnel. This is all, none of this is in the record. This is a hypothetical that I posed to you. The point is, the point that you should be making is that mandamus does lie on a discretionary act if you prove that the discretion was used arbitrarily and capriciously and that sort of thing. Yes. That's the principle of law you want to argue, right? It is. Thank you. And I was very far afield, wasn't I? And thank you for redirecting me. I mean, we don't need to be in a sideways manner directed to maybe something that could come up in evidence later. Okay. Then I will go on and just finish with my case with regard to the statutes. As I said earlier, Section 2 of the Act states specifically the superintendent has standing to file a mandamus action. Section 10 gives the superintendent the clear right to have an office and accountability. It says that. It's a press statement. So, you know, I guess what's at stake here, as I said earlier, is this court correcting an error that was made early on in this case so that all the facts can be brought out and that justice can be served. And as Justice Stewart, you point out, yes, my point is that mandamus does lie to correct a discretionary act, which is done arbitrarily and unreasonably. And one last thing, I have to confess that I didn't, that I frankly just overlooked it, but there is authority for Bradley to, for Mr. Levine or anyone else in the public to be on, in the public building. They said there's no authority for him to have an absolute right. There is. And I'd ask leave of the court to be able to supplement my citation of authority. Is that a case you're going to? Yeah. We would then allow, we will give leave, but we'll allow Mr. Gilbert opportunity two weeks to respond if he so desires. I appreciate that. But just for the record here, I'd like to go on to cite something that I failed to cite in my briefs, and that is the Constitution of the United States. The Constitution of the United States is a document which Mr. Levine signed a dotted line swearing to defend and, if necessary, give his life to defend against all enemies. And the First Amendment says that Congress shall pass no law respecting the rights of people to peaceably assembly. The United States Supreme Court has interpreted that to mean that a member of the general public, and I'm quoting now, a member of the general public shares with every other member of the general public rights to use public property established by the Constitution, law, and regulations of the state. In the case of Hurley v. Hinckley, 304 F. Supp. 704 affirms, and Doyle v. O'Brien, 396 U.S. 277, the court said there can be no valid blanket assertion that the state has an absolute right to regulate all forms of conduct in public buildings in the exercise of First Amendment rights as claimed. Thank you. Sorry for going over a little bit. That's okay. I wanted to get that in. Sure. Thank you. And, Mr. Gilbert, you'll have the opportunity to do that. Mr. Gilbert? Thank you, Your Honor. What did you say to me? May it please the court, counsel? Good morning, Your Honor. Good morning. Good morning. I think it's important to put this case in the proper context. The facts are, of record, that Joe Perenne, Madison County Administrator, after a phone conversation and learning additional facts about an incident that is mentioned in the plaintiff's complaint involving Mr. Louisi, barred him from the county administration bill. They filed a lawsuit, which is before us. Count one, mandamus. Count two, the salary issue. Count three, the attorney fee issue. Excuse me. Our position is that the case dies at count one. Mandamus does not lie here because, based upon the... Let me stop you there and ask you a question first. Sure, Joe. Did the circuit court decide that issue? The circuit court, in its order regarding count one, stated that the VAC was a necessary part and, therefore, there was no standing. I mean, that was the basis for the decision. I mean, I know pretty much everything you're arguing on appeal is whether mandamus lies. Right. But was that ever addressed, actually, by the circuit court? Not in terms of count one. The judge, as this court knows, just said that the VAC was a necessary part and he dismissed count one. However, as this court knows, you can affirm that on any grounds. You're not limited to what the trial court did or didn't do. However, the trial court has never even got to that. Now, if the problem here was lack of a necessary party, why wouldn't they be given an opportunity to amend? That I don't know, Justice Stewart. Because, obviously, that's something that can be rectified. That is correct. And we, as you asked earlier, did somebody ask for this case to be dismissed with prejudice? We did not, in our motion to dismiss. I guess came to the conclusion, I guess he clearly must have come to the conclusion that, for whatever reason, that the count one should be dismissed with prejudice because the VAC was not named as a part. What do you think about that? Was that error to not allow amendment? An amendment was not sought. Well, as Mr. Burkhart pointed out, it was taken under advisement. You got an order in the mail. Correct. I mean, I guess there could have been a motion to reconsider. He could have filed a motion to reconsider and asked for leave to file an amendment complaint, which they didn't do. And, of course, as we all know, the plaintiff is the master of his case. And maybe the better practice would have been to dismiss the complaint with leave to amend. He didn't do that. But I think that, based upon the complaint, the dismissal is proper in the sense that mandamus really doesn't lie as a matter of law. And I think that goes to what I think Justice Cates was raising this issue of why do we have all this evidence, and is it really relevant, and it really isn't in the sense of this is a legal question. And I understand the Court's discomfort with Judge Stobbs not allowing Mr. Burkhart leave to amend, but he could have filed a motion to reconsider. He could have filed a motion for leave to file an amendment complaint. He didn't do that. Well, okay, let's just forget about that for a minute. Let's say we look at it and we say VAC was not a necessary party plaintiff, trial court erred. Why wouldn't we just reverse and send it back and let the trial court address an issue that has not been addressed yet, such as whether or not mandamus lies? Because as a matter of law, I mean, that is an option. I mean, you're asking us to decide an issue on appeal that has not been decided in the trial court. Which you can do. And yes, I am asking you to do that. Because I think this Court can look at the complaint and the other pleadings and the record and make a determination as to whether or not, based upon the facts that are alleged in the complaint and the other materials, because Mr. Prenti did file an affidavit contesting some of the facts they allege, that this complaint does not sound in mandamus. There's other relief they could seek, but not mandamus. Following that same line of argument, we can look at this and say mandamus does lie? I believe you can. Sure, sure. And I think that clearly that will advance the case. That's for sure. We, of course, maintain that mandamus doesn't lie because what's before the court is Mr. Prenti's decision that bars Mr. Leviti from the building. And, of course, we're confined to the record, so we can't talk about what else has happened that's not of record. But based upon this record, mandamus is not the correct relief. And I also do agree that Judge Donovan was right, that the VAC was a necessary party for all these claims. Because how do you resolve these issues without the body that is in charge, if you will, of what the statute requires it to do not being in the case? And I think that's especially true in count three, because, you know, the funding under the statute goes to the VAC. It doesn't go to the superintendent. It goes to the VAC. Therefore, how can the VAC not be a necessary party in terms of getting its fees paid? And in connection with that, I will say that we do agree with Mr. Burkhart that the VAC can pay its attorney's fees out of its budget. Once it was clarified that they're not looking for the county to pay the fees, we agree. The VAC gets a budget every year, and they can pay attorney's fees out of that budget. The rub is this. Section nine of the statute states that the commission superintendent, which is Mr. Levee, and not or, but and the chairman of the county board, or some other official appointed by him, shall have general oversight of the distribution of all money and supplies appropriated by the county for the benefit of military veterans and their families, subject to such rules, regulations, administrative procedures, or audit reviews as are necessary as approved by the county board to carry out the spirit and intent of the act. Our position is, as the court below found, that yes, the VAC can pay its attorney's fees out of its budget, but not without oversight. And in fact, the county board chairman is charged along with the superintendent of the VAC to make sure monies are spent properly. The statute also refers to procedures and rules regarding the oversight of distribution of all money, and that's what we have in the county ordinance that Judge Staub says they have to follow to get the fees paid. Sir, Judge Staub's relied on a case which, Hazen versus County of Peoria. Yes. But in Hazen, there is reference made to a case called ICKES versus Board of Supervisors. Yep. In that case, the only plaintiff was the supervisor. The VAC was not a party to that case, and in fact, the issue was mandamus. Correct. So how do you square the fact that the VAC was not a necessary party in that case, and now you claim it's a necessary party in this case? I'm glad you asked that question, Justice Casey. Because that case dealt with Article 2 of the Act. Are we dealing with Article 2? Pardon me? Aren't we dealing with Article 2? Our positions were not. Because Article 2 only authorizes mandamus by the superintendent, and it does say the superintendent is empowered to file an action in mandamus, but for only a limited purpose. The statute says, if the county board fails to provide any just and necessary sums for the assistance, in other words, fails to fund the commission, then the superintendent shall apply to the circuit court of the district or county for relief by mandamus. And then it goes on to say, excuse me, requiring, in this case, the county board to appropriate and pay such sums of money upon proof made of the justice and necessity of the claim. I thought Section 2 also said you had to provide facilities. That's Section 10. Okay. So our argument for Section 2 is, yes, the superintendent is authorized to file an action in mandamus, but only for the limited purpose that Section 2 addresses, which is the funding of the VAC. I wouldn't take issue with that. And the Hickies case was exactly that, was the superintendent saying, you didn't give us the right amount of money, it wasn't just, it wasn't appropriate, as the statute's standards are. In that case, yes, I would not dispute that the superintendent can file a mandamus to get that funding. And I'm going to find in the record your motion, 2-615 and 2-619, which separates out the two statutes and under each section argues the specific section of the complaint as to why it should be dismissed, right? You will not find that. But that's what the statute requires, isn't it? Well... Isn't that what 615 and 619 say, that if you're going to file a combined motion, that you must separately set out those portions of the complaint which you deem to be inadequate? I would say that that is the preferred practice, certainly. And the statute, I don't have the statute before me, Your Honor. I suggest you read that. You have the advantage over me. No, it's available to you. And, well, at this point in time, I don't have it in front of me. Okay. So, obviously... Am I going to find that pleading? Pardon? Am I going to find that pleading? No, because the motion to dismiss and the motion in response to their motion for mandatory injunction does not delineate it as clearly as the statute requires. And the letter that's attached to the complaint, as well as the complaint itself, where in the complaint is a safety issue raised? In the complaint? Yes. I don't believe it's raised in the complaint. And so I'm still curious as to how we've gotten this far with all this evidence about safety and how that's even relevant at this stage of the proceedings. I don't think it is. I mean, our position is... So what's the basis? I think we're getting to where Justice Stewart is talking about here. So we've not even talked about the complaint yet in Judge Staub's order, have we? I mean, all we've found is that there's necessary parties here. That's correct. And for count three, he did find that... On paragraph B. Yes. Right? Correct. Well, he did find that moot as to count two. Count two. Correct. So perhaps there is a finding as to the allegations. Actually, I think that Mr. Burkhart is more right. Well, not more right. I think the transcript reflects that we actually did stipulate the count two was moot because I made the representation he asked for regarding the payment of salary of Mr. Leviti. So judgment should have been entered for the plaintiff on that count rather than just a finding of moot. If you agreed to that, then judgment should have been entered. Would you agree? Well, I don't, but only because of what's in the transcript. At pages 13 and 21 of the transcript, at page 13 is where Mr. Burkhart says, if you'll stipulate that you'll keep paying him, then I agree that count two is moot. And then on page 21, I said, yes, we will continue to pay him, essentially. And, therefore, I think that there was consent that Judge Dobbs could rule that count two was moot because, in a sense, I think it was stipulated between pages. Well, but it's not moot if you're just agreeing to pay him on a temporary basis. I think it's moot because the plaintiff's counsel stipulated that it is moot if we had agreed to pay the — I know, but is that on a permanent or temporary basis? Is the record clear on that? I think the record reflects that as long as we're paying him, it's moot. Yes. And there's nothing in the record to indicate that that's our view. Yeah, that's kind of a — It's kind of a circular — Yeah, in other words, it's not moot if you don't pay him. Oh, right. But then I — But let's get back to the pleading issue that we're concerned about. Sure. That has been raised. Okay. So as to count two, perhaps, and as to paragraph B in the order I'm talking about, as to count three, paragraph B, where he says plaintiff has no standing to seek mandamus, then perhaps the court has reached that issue. I agree. Okay. And so, again, I'm going to find in your motion where you claim that mandamus is defective under 615. I believe so, yes. Because 615 says you have to point out where it's defective. Yes, I believe that is in our motion. Okay. And that's why I think — and I agree with you in the sense that this is a legal issue. Does that complaint state a claim for mandamus? And our position is as a matter of law, it does not. And Judge Stobbs didn't really address that in count one. You're right, Justice Stewart. There's no question that he didn't. But it's our position that this court can. And in order to either put an end to the litigation or advance it, it should be — But it always advances the litigation if we go ahead and decide a bunch of things that the trial court hasn't decided yet. Is that a good thing, though? We're supposed to be a court of review. Correct. But under judicial doctrines that give you that authority, I'm all for it. Having very much faith in the Fifth District Appellate Court. But I think that this court can do that and I think should do that because of the importance of the issue and because there is other relief they could have sought and didn't. And, again, the plaintiff is the master of his case. And, you know, for those reasons, we believe that Judge Stobbs' order should be upheld. Thank you, Mr. Kelly. Thank you, Your Honor. Mr. Burkhart. Rebuttal? Yes, Your Honor. Just a very few brief points. First, to address just the last issue that was raised. The question is, could have filed a motion to reconsider? And I do have control of the case. Well, me and my client. And after receiving that order, I had no hope for relief on a motion to reconsider. And felt the most direct and beneficial point to do is to point out the error on the appellate level so that we could get going on this case. So that should not be held against me when the judge makes the error in the first place for deciding not to file a motion to reconsider. Second issue I wish to address is Section 9 has been cited by the county as saying they have a lot of control over what the VAC does or doesn't do. And I believe Will County case specifically addresses that and says, no, you don't. And that's what this case is really all about. It's about control. The county wants to control every check that the VAC wants to write. They do not have that authority under the Will County case. And I ask the court to consider that case. And what it says, once the budget has been approved and the tax is levied. After all, the county is seeking money from taxpayers to give to the VAC, not the county. So the VAC can spend it. And that's what the Will County case says. Secondly, to address the last thing, the limited purpose of funding issue, saying that that's the only case the superintendent can buy. Don't go with that because Section 10 of the Veterans Act expressly incorporates Section 2. It states there that the county board shall, in any county where a Veterans Assistance Commission is organized, in addition to the sums appropriated for assistance and emergency assistance purposes, i.e., reference to Section 2 in the Act, appropriate such additional funds upon recommendation of the VAC and as approved by the county board to properly compensate officers and employees required to administer such assistance. So Section 10, which does have the requirement that they provide an office, also incorporates Section 2. And it seems pretty silly to me to be standing up here and arguing, oh yeah, the superintendent can file a mandamus action, but only if they don't give you money. You can file a mandamus action for any purposes violating the VAC. Those are the three points I wish to make, and I stand by my prayer for relief, Your Honors. Other questions? I see no reason to prolong. I don't think so. Thank you, Mr. Burkhart and Mr. Gilbert both for your recent arguments. And we'll take the matter under advice.